UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK R. CASTILLO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:18-cv-00251-LJO-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES AND FAILURE TO NAME A PROPER RESPONDENT**<br><br>**THIRTY (30) DAY DEADLINE**<br><br>**CLERK TO SEND BLANK HABEAS CORPUS FORM TO PETITIONER** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the February 26, 2014 judgement of the Fresno County Superior Court. (ECF No. 2 at 1.)

**I.    Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a

petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

## II. Exhaustion Requirement

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners'

federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Here, it is unclear from the petition whether Petitioner has presented his claims to the highest state court, the California Supreme Court. It appears that he may have raised some of his claims in a petition for writ of habeas corpus in the Fresno County Superior Court. However, he does not state whether he also sought review of these claims in the California Supreme Court. This court cannot proceed to the merits of the petition unless the claims have first been presented to the California Supreme Court, whether on direct appeal or by way of a petition for writ of habeas corpus.

If Petitioner has, in fact, presented his claims to the California Supreme Court, he must so advise this Court and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court along with any ruling thereon. Without information to suggest that the claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

3

**III.    Proper Respondent**

Petitioner names the United States District Court for the Northern District of California as the Respondent in this case.

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz–Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner in court. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Stanley, 21 F.3d at 360. A petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).

Petitioner may cure this defect by preparing an amended petition naming as the respondent the warden of the facility in which he is incarcerated. See In re Morris, 363 F.3d 891, 893–94 (9th Cir. 2004).

**IV.    Order**

Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies and failure to name a proper respondent. Within thirty (30) days of the date of service of this order, Petitioner shall file an amended petition naming a proper respondent and shall therein inform the Court what claims, if any, have been presented to the California Supreme Court.

If Petitioner fails to respond to this order and fails to show cause why the petition should not be dismissed, the undersigned will recommend dismissal of the petition

without prejudice for failure to exhaust state remedies and failure to name a proper respondent.

IT IS SO ORDERED.

Dated: March 7, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE