UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| FRANK R. CASTILLO, | Case No. 1:18-cv-00251-LJO-JDP |
|---|---|
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ECF No. 28 |
| HATTON, | ORDER GRANTING THIRTY-DAY EXTENSION OF TIME |
| Respondent. | ECF No. 29 |

Petitioner Frank Castillo, a state prisoner without counsel, seeks a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court are petitioner's motion for appointment of counsel, ECF No. 28, and motion for extension of time, ECF No. 29.

**Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel, stating that he is indigent and has a low level of education. ECF No. 28. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) (stating that the Sixth Amendment right to counsel does not apply to habeas petitions because they are civil actions).

There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to

vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations are present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

I cannot conclude that counsel is necessary to prevent a due process violation here. I issued findings and recommendations to deny the petition. ECF No. 27. Petitioner has not demonstrated a likelihood of success on the merits. The legal issues involved in the findings and recommendations are not exceptionally complicated. Petitioner may object to the findings and recommendations without counsel. Accordingly, I find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel.

**Motion for Extension of Time**

Petitioner seeks an extension of time to file objections to the findings and recommendations. ECF No. 29. For good cause shown, petitioner's is granted a thirty-day extension of time to file his objections. No further extensions will be granted absent extraordinary circumstances.

**Order**

1. Petitioner's motion for appointment of counsel is denied without prejudice.

2

ECF No. 28.

2. Petitioner is granted a thirty-day extension of time from the date of this order to file his objections to the findings and recommendations. ECF No. 29.

IT IS SO ORDERED.

Dated: November 21, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.